IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EGYPT MUSLISMAH LOVE a/k/a Geneva Ronda Stone,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMUEL F. PATTERSON, Chief of Police, INVESTIGATOR DUANE L. HIERS, JR., and EVELYN WYNN-DIXON, Mayor, City of Riverdale,<br>　　　　　Defendants. | 1:14-cv-1974-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [9], following his review of Plaintiff Egypt Muslismah Love a/k/a Geneva Ronda Stone's ("Plaintiff") Complaint [1] and Amended Complaint [3], pursuant to 28 U.S.C. § 1915A. Also before the Court is Plaintiff's Motion for Discovery [13].

I.     **BACKGROUND**

On June 23, 2014, Plaintiff, then an inmate at the Douglas County Jail and proceeding *pro se*, filed her Complaint under 42 U.S.C. § 1983 asserting various civil rights claims against Evelyn Wynn-Dixon ("Mayor Dixon"), the Mayor of Riverdale, Georgia, Samuel F. Patterson ("Patterson"), the Riverdale Chief of

Police (collectively, "Riverdale Defendants"), and Investigator Duane L. Hiers, Jr. ("Hiers") (together, "Defendants") in their individual and official capacities.

Plaintiff, in her Complaint, alleges that on May 23, 2013, she was a witness to an incident that occurred on private property. (Compl. at 3). Plaintiff asserts that Hiers came to the scene, asked Plaintiff for her identification, "ran [her] tag and ID [and] everything came back good." (Id.). Plaintiff claims that Hiers, without any warning, tackled Plaintiff, pushed his knee into her back, handcuffed her so tightly that the circulation was cut off in her hands, searched her property without a warrant, and wrongfully seized a variety of her personal items. (Id. at 3-4). Plaintiff claims that Hiers escorted Plaintiff to his vehicle where he slammed her head against the vehicle door, left her in his vehicle for an hour without ventilation, and recklessly drove to the Clayton County Jail, causing Plaintiff's body to hit the door. (Id. at 4).

Plaintiff alleges that Hiers has issued "countless" warrants for Plaintiff's arrest throughout 2010-2013, for charges Plaintiff asserts were false and have since been dismissed. (Am. Compl. [3] at 2). Plaintiff claims that she informed Mayor Dixon of a warrant that Hiers issued in 2010 for Plaintiff's arrest and that Mayor Dixon "refused to investigate [her] complaints." (Id.). Plaintiff also claims that Mayor Dixon informed her that "there is a custom, policy, and practice of

deliberate indifference to such behavior." Plaintiff does not identify any particular City of Riverdale policy or custom that allegedly violates her constitutional rights. Plaintiff asserts further that Mayor Dixon told her that if she "need[ed] to express any more concerns to please contact her or her head investigator," and that "the mayor['s] head investigator called [her] as soon as she was done speaking with the Mayor . . . [and] stated that he was doing an ongoing investigation of [Hiers]." (Id.). Plaintiff alleges that Patterson "is involved [for] not investigating [her] complaints, and allowing these events [involving Hiers] to occur" and that Hiers is a final policymaker who has established "the widespread practice [of] the city policy and a[n] oath to serve and protect." (Id.). In her Complaint, Plaintiff seeks $17 million in damages, although in her "monetary settlement relief" request, she increases the amount to $41 million.

On October 30, 2014, the Magistrate Judge issued his R&R, recommending that: (1) Plaintiff's claims against the Riverdale Defendants in their individual capacities be dismissed; (2) Plaintiff's claims against Hiers, in his individual capacity, for false arrest, illegal search and seizure and excessive force, be allowed to proceed; and (3) Plaintiff's claims against all Defendants in their official capacities be dismissed. The Magistrate Judge also recommended that this action

be consolidated with Love v. Palmer et al., No. 1:14-cv-1351 (N.D.Ga.), in which Plaintiff also asserts claims against Hiers for false arrest.

Plaintiff did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standards

#### 1. Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Because Plaintiff did not file any objections to the R&R, the Court reviews the record for plain error.

### 2. Review for Screening Prisoner Civil Rights Actions

The Court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous. 28 U.S.C. § 1915A(a). Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal for failure to state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right

of action"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Papasan v. Allain, 478 U.S. 265, 286 (1986) (court accepts as true plaintiff's factual contentions, not her legal conclusions couched as factual allegations).

### B. Analysis

#### 1. Claims against Defendants in their Individual Capacities

The Magistrate Judge found that Plaintiff fails to allege facts sufficient to support a Section 1983 claim against the Riverdale Defendants in their individual capacities because (1) Plaintiff does not sufficiently allege that the Riverdale Defendants personally participated in or otherwise caused her alleged constitutional deprivations, and (2) Plaintiff fails to show a casual connection between the actions or inactions of Patterson and Mayor Dixon, and the alleged violations of her constitutional rights.  See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994)) ("It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of *respondeat superior* or vicarious liability.'"); see also Cottone v. Jenne, 326 F.3d

1352, 1360 (11th Cir. 2003) ("[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a casual connection between the actions of a supervising official and the alleged constitutional deprivation."). The Magistrate Judge recommended that Plaintiff's Section 1983 claims against the Riverdale Defendants in their individual capacities be dismissed, and the Court finds no plain error in this finding or recommendation.

The Magistrate Judge also found that Plaintiff's allegations (1) that Hiers slammed her head into the door of his vehicle after he handcuffed her are sufficient to allow her excessive force claim against Hiers to proceed; (2) that Hiers searched her property without a warrant and seized her vehicle, purse, cash, credit cards, cell phone, laptop, and other valuables are sufficient to allow her illegal search and seizure claims against Hiers to proceed; and (3) that Hiers arrested her without probable cause or a warrant and that the charges brought against her by Hiers were later dismissed are sufficient, albeit barely, to allow her false arrest claim against Hiers to proceed. See Crosby v. Monroe Cnty., 394 F.3d 1328, 133 (11th Cir. 2004) ("The Fourth Amendment encompasses the right to be free from the use of excessive force during an arrest . . . the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him.");

Vickers v. Georgia, 567 F. App'x 744 (11th Cir. 2014) ("A warrantless arrest made without probable cause violates the Fourth Amendment and is actionable under § 1983 . . . .  An officer has probable cause for an arrest when the arrest is objectively reasonable based on the totality of the circumstances.").  The Magistrate Judge recommended that these claims be allowed to proceed, and the Court finds no plain error in this finding or recommendation.

### 2. Claims against Defendants in their Official Capacities

The Magistrate Judge concluded that Plaintiff fails to allege facts sufficient to support a plausible claim for relief against Mayor Dixon, Patterson, or Hiers in their official capacities.  The Magistrate Judge found that Plaintiff's conclusory allegation that "they"[1] had a custom, policy, or practice of deliberate indifference to her constitutional rights is insufficient to state a plausible claim for relief against the Riverdale Defendants, and (2) Plaintiff's unsupported allegation that "Investigator Hiers possesses the final Authority when he establish[ed] a disregard to the widespread practice belonging to the city policy, and a[n] oath the serve and protect" fails to state a plausible claim for relief because it does not appear that Hiers "has final policymaking authority" for the City of Riverdale.  See Morro v. City of Birmingham, 117 F.3d 508, 514 (11th Cir. 1997) ("municipal officer has

---

[1] Plaintiff does not identify who "they" are in the Complaint.

final policymaking authority when his decisions are not subject to review") (citation omitted); see also McGuire v. City of Montgomery, No. 2:11-cv-1027, 2013 WL 1336882, at *14 (M.D. Ala. March 29, 2013) (citing Twombly, 550 U.S. at 570) ("Plaintiff . . . fails to identify with any specificity the substance of that policy or custom [which would support official liability], what action the policy compelled which [d]efendants to take, or any other fact that would nudge his claim from the conceivable to the plausible"). The Magistrate Judge recommended that these claims—which are actually claims against the City of Riverdale[2]—be dismissed, and the Court finds no plain error in this finding or recommendation.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final R&R [9] is **ADOPTED**.  Plaintiff's claims against Mayor Dixon and Patterson in their individual and official capacities, and Plaintiff's claims against Hiers in his official capacity, are **DISMISSED**.  Plaintiff's claims against Hiers in his individual capacity are **ALLOWED TO PROCEED**.  The Clerk of Court is **DIRECTED** to consolidate this case with Love v. Palmer, No. 1:14-cv-1351, and

---

[2]     See Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159 (1985)) ("[A] suit against a governmental official in his official capacity is deemed a suit against the entity that he represents.").

to docket in that case Plaintiff's Complaint [1], Amended Complaint [3], and "Notice of Filing re Monetary Settlement Relief" [7], which were filed in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery [13] is **DENIED AS MOOT**.[3]

**SO ORDERED** this 25th day of August, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's "Motion for Discovery," in which she states only that she "wish[es] to have discovery on all cases," was filed in all of her actions in this Court, including in Case 1351.